NORRIS, ALLISTER & CO. v. WILLIAM W. VOSBURGH.

*Chattel mortgage—Release—Consideration—Replevin.*

1. The release of a chattel mortgage on a stock of goods, given to secure a portion of the purchase price, is a sufficient consideration for the agreement of the mortgagor to receive the goods then on hand as consignee, to be sold on account of the mortgagees, and accounted for on demand, such agreement also authorizing the mortgagees to take possession of the goods whenever they shall have reasonable cause to deem themselves insecure.

2. Replevin lies at the suit of the mortgagees to recover possession of the goods covered by the agreement, and the only question for the jury to determine is the right of possession when the suit is brought.

3. A finding in favor of the mortgagees on this issue will not bar the mortgagor of his right to tender the amount of his indebtedness to the mortgagees, and thereupon to demand and have his goods returned to him.

4. In case of a foreclosure and sale under the agreement, the mortgagees would be liable to account to the mortgagor for any surplus remaining after satisfying their claim and the costs.

Error to St. Joseph.   (Loveridge, J.)   Argued December 13, 1893.   Decided January 9  1894.

Replevin.   Defendant brings error.   Affirmed.   The facts are stated in the opinion.

*S. M. Constantine,* for appellant.

*R. R. Pealer* and *George E. Miller,* for plaintiffs.

Long, J.   Defendant is a jeweler at Three Rivers, this State.   In January, 1891, he bought of plaintiffs, who are wholesale jewelers in Chicago, about $3,000 worth of goods. He paid $1,000 cash, and the balance was to be paid along to suit his convenience.   On September 18, 1891, defendant was visited by an agent of plaintiffs with a chattel mortgage already drawn up to the amount of $1,479.30, payable four months after date (September 18); but this mortgage was not signed at that time.   On January 2, 1892, the agent again called, and the mortgage of September 18, 1891, was signed by defendant.   Thereafter defendant went to Chicago, and induced the plaintiffs to release this chattel mortgage.   Upon his return home he received through the mail the following paper:

"Office of B. F. Norris, Allister & Co., Wholesale Jewelers, 113-115 State street, Chicago.

"The merchandise consisting of watches, clocks, gold and plated jewelry, plated ware, flat ware, and optical goods, and show cases and fixtures, as well as fire and burglar proof safe, now in my store on Main street, in the village of Three Rivers, Mich., and which I chattel mortgaged to

B. F. Norris, Allister & Co. for $1,479.30, and which said chattel mortgage has this day been released to me by said B. F. Norris, Allister & Co.:

"Now, therefore, I agree to receive the said merchandise and the said fixtures and safe from the said B. F. Norris, Allister & Co. on consignment, to be sold by me for their account, I to account to them upon demand for the merchandise and fixtures aforesaid, and they to have the privilege of taking possession of their own goods when they shall have reasonable cause to deem themselves insecure, which state of affairs I hereby concede. whenever they so will it.

"Witness my hand and seal this 6th day of January, 1892, at Three Rivers, Michigan."

Defendant signed this paper, and sent it to plaintiffs. They placed it on file in the town clerk's office at Three Rivers, March 8, 1892. On the 29th of February, 1892, the defendant gave a chattel mortgage upon this stock of goods for the sum of $1,000 to Henry Vosburgh, and it was filed in the town clerk's office March 7, 1892. On the 9th, plaintiffs brought replevin, and took into their possession the entire stock. On the trial, plaintiffs had verdict and judgment for six cents damages.

It was claimed on the trial in the court below that this agreement was a mere naked power, not coupled with an interest, and gave plaintiffs no rights of property or of possession. The court was asked to charge that proposition, and also to charge further, as follows:

"The defendant in this cause having waived return of the property, and asking a judgment for the value thereof, the jury are instructed that the defendant is entitled to recover what the fair value of the property was at the time when it was taken on the writ of replevin, with interest at 6 per cent. from date."

The court was also asked to instruct the jury that the instrument under which plaintiffs claim did not cover after-acquired property.

The court refused these charges, and directed the jury

that the plaintiffs had a right to take possession under this agreement whenever they had reasonable cause to deem themselves insecure; that the consideration for the agreement was the discharge of the chattel mortgage which plaintiffs held upon the merchandise, and that such discharge was a good and sufficient consideration to uphold the agreement. The court further charged the jury as follows:

"I submit to you whether it was the intention of the parties to the agreement of January 6 to cover by it and include in it the goods on hand, and described in the mortgage, on the 18th day of September, the day it bears date, or whether it was the intention to include and cover by it the goods on hand on the 2d day of January, when it was in fact signed and filed. This chattel mortgage, as both parties concede, was prepared and acted on the 18th day of September, 1891. The parties met again on the 2d day of January thereafter, and the defendant executed the mortgage that had been so prepared and dated. Now, did the parties intend to chattel mortgage the goods on hand September 18 or on January 2? If they did intend to mortgage the goods on hand, January 2, then you cannot find a verdict for the defendant for any amount. If you believe from all the evidence that it was the intention to include only the goods on hand September 18, and then, if you believe from the evidence that additions were made to the stock between September 18 and January 2, and that the plaintiffs took from the defendant the addition of goods so made, then you should give the defendant a verdict for the value of such goods, with interest at 6 per cent. from the time they were taken, the defendant having waived a return of the goods. * * * You have nothing to do with the value of the whole stock of goods,—whether it was worth more or less than the amount owing the plaintiffs."

It is contended by the defendant that the court was in error in instructing the jury that the consideration for the agreement was the release of this chattel mortgage. We think that fact is shown upon the face of the agreement itself, when viewed in the light of the circumstances under which it was made. Defendant asked to have the chattel

mortgage released. The paper recites the fact of the giving of the mortgage, and that "said chattel mortgage has this day been released."

The court evidently regarded this agreement as a security for the amount mentioned in the chattel mortgage, which was the entire indebtedness of defendant to plaintiffs. The agreement itself gave the plaintiffs a right to take possession when they should have reasonable cause to deem themselves insecure, and under it to an accounting upon demand for the property covered by the agreement. While the court might have been in error in directing the jury that they should take into consideration whether it was the intention of the parties that the goods purchased after September 18 should be covered and held under plaintiffs' security, yet this instruction did not injure defendant, for whatever rights plaintiffs had were under the agreement of January 6, and whatever goods were in defendant's possession at that time were covered by this agreement. Plaintiffs are not claiming under the chattel mortgage; that had been released, and the release of the chattel mortgage was simply the consideration for the new agreement, which covered all the goods on hand at the time it was given.

Neither was the court in error in directing the jury that they had nothing to do with the value of the property. It was claimed by defendant that over $3,000 worth was taken under the writ of replevin; but it was all covered by the security, and plaintiffs had the right to take it all for the purpose of foreclosing their security under this agreement. The only question to be determined on the trial was whether at the time the writ was issued plaintiffs had the right to possession of the property. The jury found that they were so entitled. This does not bar defendant of his right to tender the amount of his indebtedness to plaintiffs, and, upon payment or tender, to demand and have his goods returned to him. If, on a foreclosure

and sale, anything remains over the amount necessary to satisfy plaintiffs' claim and costs, that amount plaintiffs would be compelled to account for.

In this we do not determine the rights between the two mortgagees. That question is not involved here.

Judgment affirmed.

The other Justices concurred.